GENERAL MOTORS EXPORT Co. ET AL., Plaintiffs and Appellants, v. MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6417. Argued January 30, 1935.—Decided March 14, 1935.

*C. Iriarte* and *F. Fernández Cuyar* for appellant. *Benjamin J. Horton, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

* NOTE.—For page number see "Table of Cases Cited in Opinions — Citations from Puerto Rico Reports," this volume.

MR. JUSTICE .CÓRDOVA DÁVILA delivered the opinion of the court.

In this case it is sought to recover certain taxes paid by the plaintiff General Motors Export Co., a corporation organized under the laws of a state which is not mentioned, and having a principal office located in a city which is not mentioned either. The Auto Body Corporation is a corporation organized under the laws of Puerto Rico and engaged in the manufacture of busses, with its principal office in Hato Rey. The defendant is the Treasurer of Puerto Rico.

It is alleged in the complaint that during the months of March and April, 1931, the Auto Body Corporation bought from the plaintiff General Motors Export Co., in the city of New York, twenty truck chassis, which were shipped from that city by the vendor and consigned to the vendee in Hato Rey, Puerto Rico; that on May 13, 1931, the Treasurer of Puerto Rico demanded from the plaintiff General Motors Export Co. payment of the sum of $2,023 on the twenty chassis imported, said sum representing the 7 per cent tax levied by subdivision 8, section 16 of Act No. 17 of 1927 (Session Laws, p. 464), as amended by Act No. 74 of 1930 (Session Laws, p. 454), on every motor vehicle sold, transferred, used or imported in Puerto Rico, and the plaintiff General Motors Export Co., on June 23, 1931, paid under protest the sum of $2,023, amount of the tax levied on the twenty truck chassis mentioned above, and notified the plaintiff Auto Body Corporation of the payment of said tax, demanding at the same time the refund of said amount; that the said twenty chassis were purchased for the manufacture of busses in the factory which for that purpose the plaintiff Auto Body Corporation has established in the ward of Hato Rey, Municipality of Río Piedras; that on September 15, 1931, plaintiff demanded from the defendant the refund of said sum of $2,023 paid under protest as excise tax on the twenty chassis mentioned above, the basis of said petition being that the plaintiff Auto Body Corporation is exempt from all taxes;

that the defendant refused to refund the said amount on the ground that the tax exemption enjoyed by the plaintiff Auto Body Corporation is not enough by itself to exempt it from the payment of said tax; that the importation into Puerto Rico of the aforesaid chassis, is absolutely indispensable to the plaintiff Auto Body Corporation in the manufacture of its products, to wit, the busses which it manufactures in its factory in Hato Rey, Puerto Rico, said chassis being the raw material used by the Auto Body Corporation in the manufacture of busses; and that the said corporation enjoys a general tax exemption, in accordance with Act No. 40 of 1930 (Session Laws, p. 314), granted by the Public Service Commission of Puerto Rico prior to the purchase of the said twenty chassis.

These are the allegations set forth in the complaint, and we have transcribed them because the complaint was dismissed on the ground that it did not state facts sufficient to constitute a cause of action. The lower court rendered final judgment against the plaintiffs as it thought that the complaint could not be amended.

██ It is urged that the trial court erred in maintaining and holding that the tax whose refund is sought was not assessed to the plaintiff Auto Body Corporation, and in declaring that the General Motors Export Co. is not entitled to claim said refund jointly with the Auto Body Corporation. It is further urged that that court erred in dismissing the complaint because the same could not be amended and because the Auto Body Corporation had not paid the tax in question and hence was not entitled to claim the refund thereof.

The tax sought to be recovered in this case was assessed and collected under the provisions of subdivision 8, section 16 of Act No. 17 of 1927, as amended by Act No. 74 of 1930. Said subdivision levies a tax of 7 per cent *ad valorem* on certain articles, including any chassis sold, transferred. used, or imported in Puerto Rico.

It is maintained and so alleged in the complaint, that the Auto Body Corporation enjoys a general tax exemption, granted by the Public Service Commission of Puerto Rico prior to the purchase of the twenty chassis, in accordance with section 2 of Act No. 40 of April 25, 1930, which reads thus:

"That said new industries and their buildings, machinery, materials, franchises, etc., and, in general, all the properties, rights and privileges belonging to said industries, which are necessary in their work and operation, shall be exempt from all taxes for a period not to exceed ten years, as the Public Service Commission may determine. Said term shall be counted from the time the industrial installation is completed. . . . "

The claim, submitted to the Treasurer in order to obtain the refund of the amount paid, was based, as alleged in the complaint, on the fact that the Auto Body Corporation is exempt from all taxes. The complaint relies exclusively on the theory of the alleged exemption. That explains why plaintiffs state in their brief that "it is not alleged that the General Motors Export Co. is entitled to claim the amount of the tax unduly paid," and that it has been joined as plaintiff "because said corporation is a party interested in the subject matter of the action and because it was the one who paid under protest the excise claimed as demand was made on it by the defendant, who was precluded from assessing and collecting the tax exemption enjoyed by the latter."

Taking as a basis the exemption, which is the sole ground on which the complaint rests, we do not think that there are stated facts sufficient to constitute a cause of action. The Auto Body Corporation had no intervention whatever in the payment of the amount paid under protest. The complaint simply states that the General Motors Export Co., after paying the amount levied, demanded its refund from the Auto Body Corporation. The allegations that the chassis consti-

tute the raw material used by the said corporation in the manufacture of the busses and that the importation in Puertó Rico of the chassis is absolutely indispensable to the manufacture of its products are vague and insufficient, because the fact that said corporation uses chassis as raw material and that to use them their importation is necessary, does not mean that said chassis have been devoted and utilized in a new industry and that they form part of its structure. The exemption on the articles mentioned, if it exists, would demand a more specific averment. It is plain that the facts alleged are not enough to support the claim made by the plaintiff.

However, as it is claimed that the lower court erred in considering the complaint as not susceptible to amendment, we hold that the judgment appealed from should be set aside, in order that the said complaint may be amended, if it can be so amended, within the term of ten days, counted from the date on which the mandate is received in the lower court.